UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARRETT MCCOY,<br><br>              Petitioner,<br><br>   v.<br><br>JOSH TEWALT,<br><br>              Respondent. | Case No. 1:25-cv-00158-REP<br><br>**INITIAL REVIEW ORDER** |

      Petitioner Garrett is an Idaho state parolee presently detained in the Ada County Jail. Petitioner has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his ongoing parole revocation proceedings and the conditions of his detention.

      In its discretion, the Court may apply the Rules Governing Section 2254 Cases ("Habeas Rules") to habeas petitions filed pursuant to § 2241. *See* Habeas Rule 1(b). Therefore, the Court will review the Petition to determine whether it is subject to summary dismissal under Habeas Rule 4. That rule permits dismissal of a habeas petition if "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

      For the following reasons, the Court enters the following order instructing Petitioner to file an amended petition if he intends to proceed.

## REVIEW OF PETITION

**1.**     **Claims Challenging Ongoing Parole Revocation Proceedings**

Petitioner claims that, in his pending parole revocation proceedings, he has been denied the right to a speedy and impartial trial, the right to confront the witnesses against him, and the right to the effective assistance of counsel. Dkt. 1 at 6, 7, 9.

Section 2241 gives federal courts jurisdiction to issue pretrial writs of habeas corpus to state criminal defendants in appropriate cases. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–93 (1973). A pre-requisite to bringing a federal habeas corpus petition under 28 U.S.C. § 2241 is exhausting one's federal claims in state court. *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980). The exhaustion requirement "serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials." *Id*.

The exhaustion doctrine requires that a habeas petitioner give the state courts, through the designated appellate process, "a full and fair opportunity to resolve federal constitutional claims" before bringing those claims to federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining exhaustion in the context of habeas petitions brought pursuant to 28 U.S.C. § 2254). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id*. If the petitioner

is not granted relief after exhausting all state court remedies through the highest state court, he may then file a petition for a writ of habeas corpus in federal court.

The federal courts are not permitted to "supervise the administration of state criminal proceedings at every interlocutory stage." *New York ex rel. Epps v. Nenna*, 214 F. Supp. 102, 105 (S.D.N.Y. 1963). If they were, such supervision "would erase the exhaustion principle from among the canons of habeas corpus adjudication." *Id*. Though alleged constitutional violations are of utmost concern to the federal district courts, the state courts must be given the first opportunity to correct constitutional violations, so as to preserve the principles of comity and federalism. If a defendant is seeking to "derail a pending state criminal proceeding, and … may be acquitted at trial," it is appropriate for a federal district court to postpone adjudication of the petitioner's constitutional claims "until a time when federal jurisdiction will not seriously disrupt state judicial processes." *Neville v. Cavanagh*, 611 F.2d 673, 676 (7th Cir. 1979) (internal quotation marks omitted).

The exhaustion requirement has a very limited exception with respect to pretrial habeas petitions. A federal district court may issue a pretrial writ under § 2241 without a showing of exhaustion of state remedies "only in the most unusual circumstances"—that is, if a petitioner can show "special circumstances" that particularly warrant federal intervention. *Id*. at 83-84 (internal quotation marks omitted). For example, special circumstances include "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or cases "where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

INITIAL REVIEW ORDER - 3

The instant Petition does not establish the type of special circumstances that would warrant pretrial habeas relief. Within 28 days after entry of this Order, Petitioner may attempt to show such circumstances by filing an amended petition.

**2.      Claims Challenging the Conditions of Petitioner's Detention**

In addition to claims challenging Petitioner's ongoing parole revocation proceedings, Petitioner also alleges that he is subject to unconstitutional conditions of detention at the Ada County Jail.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement.") (internal quotation marks omitted). Conversely, a civil rights action under 42 U.S.C. § 1983 is the proper method of challenging, on constitutional grounds, an inmate's conditions of confinement. *Id*. Therefore, if an inmate's claim "does not lie at the core of habeas corpus, it may not be brought in habeas corpus but must be brought, if at all," under 42 U.S.C. § 1983, the civil rights statute. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (internal quotation marks and citations omitted).

The remedy for the poor conditions of detention that Petitioner has allegedly suffered would not be an immediate or speedier release from confinement, *see Preiser*, 411 U.S. at 500, but instead an award of monetary damages and/or an order requiring the cessation of unconstitutional activities. Because such claims "do[] not lie at the core of

INITIAL REVIEW ORDER - 4

habeas corpus," *Nettles*, 830 F.3d at 931, they are not cognizable—meaning they cannot be heard—in this habeas action.

## ORDER

**IT IS ORDERED:**

1. Because there is no filing fee for a habeas corpus petition filed pursuant to 28 U.S.C. § 2241, Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is MOOT.

2. Because an amended petition is required for Petitioner to proceed with this case, Petitioner's request for appointment of counsel (contained in the Petition) is DENIED. Petitioner may renew the request for counsel in an amended complaint.

3. If Petitioner does not file an amended petition, or if the amendment does not establish special circumstances sufficient to excuse exhaustion and warrant a pretrial writ, this case may be dismissed without further notice.

DATED: June 13, 2025



Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge